# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KOCH,

        Plaintiff,

    v.

DELANE T. LAWSON and
BURGESS TRUCKING COMPANY,
INC.,

        Defendants.

No. 4:22-CV-01647

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 12, 2023

## I.      BACKGROUND

### A.      Facts Alleged in the Complaint

Plaintiff David Koch resides in Lycoming County, Pennsylvania.[1] Defendant Burgess Trucking Company, Inc. ("Burgess Trucking") is a transportation company, which employed Defendant Delane T. Lawson, a truck driver who operated a tractor and trailer owned by Burgess Trucking.[2]

On December 3, 2020, Koch was operating his vehicle in South Williamsport Borough, Lycoming County, Pennsylvania, when he approached the intersection of East Southern Avenue and Hastings Street.[3] This intersection was controlled by a

---

[1]   Doc. 1, Ex. A ¶¶ 1, 6.

[2]   *Id.* ¶¶ 3-7.

[3]   *Id.* ¶ 8.

four-way traffic light, and the light was green for Koch when he passed through it.[4]

At the same time, Lawson was driving Burgess Trucking's tractor and trailer

northbound toward the same intersection.[5] Lawson had a red light, but nevertheless

drove through the intersection, striking Koch's vehicle.[6] The force of the collision

pushed Koch's vehicle over the curb onto the west side of Hastings Street and caused

Koch to sustain serious and permanent injuries, which have required costly medical

treatments.[7]

### B.   Procedural History

Koch filed his Complaint in the Court of Common Pleas of Lackawanna

County on September 26, 2022,[8] which asserted the following counts: (1)

negligence, against Lawson; (2) punitive damages, against Lawson; (3) negligence,

against Burgess Trucking; and (4) punitive damages, against Burgess Trucking.[9]

Defendants filed a Notice of Removal to this Court on October 20, 2022 based on

diversity of citizenship and the amount in controversy,[10] and then moved to partially

dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on

November 9, 2022.[11] Specifically, Lawson and Burgess Trucking move to dismiss

---

[4]   *Id*. ¶¶ 9-10.
[5]   *Id*. ¶¶ 11-12.
[6]   *Id*. ¶ 13.
[7]   *Id*. ¶¶ 14-22.
[8]   Doc. 1, Ex. A.
[9]   *Id*. ¶¶ 27-41.
[10]   Doc. 1.
[11]   Docs. 5, 6.

Koch's claims for punitive damages (counts two and four, respectively).[12] That Motion has been fully briefed and is now ripe for disposition.[13]

## II.    LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following *Bell Atlantic Corp. v. Twombly*[14] and *Ashcroft v. Iqbal*,[15] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] In deciding a motion to dismiss, courts within the United States Court of Appeals for the Third Circuit must follow three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of all well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief.[17]

---

[12]   Doc. 6 at p. 12 (concluding: "Based on the foregoing, Plaintiff's claims for punitive damages should be dismissed[.]").

[13]   Docs. 5, 6, 8, 9.

[14]   550 U.S. 544 (2007).

[15]   556 U.S. 662 (2009).

[16]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

[17]   *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

## III.   ANALYSIS

According to the *Erie* doctrine, a court sitting in diversity should apply the state law as pronounced by the highest court of the state.[18] In Pennsylvania, the assessment of punitive damages is proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct."[19] The Pennsylvania Supreme Court has also adopted Section 908(2) of the Restatement (Second) of Torts, stated as follows:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause[,] and the wealth of the defendant.[20]

A plaintiff seeking punitive damages must "aver facts in the complaint sufficient to put the defendant on notice of what outrageous conduct was alleged[,]" and "[f]acts, not conclusions, must be pleaded."[21] In the traffic context, "simple allegations limited only to a defendant failing to comply with traffic laws are not sufficient for punitive damages."[22]

---

[18]   *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1983); *see Edwards v. HOVENSA, LLC*, 497 F.3d 355 (3d Cir. 2007).

[19]   *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991) (internal citation omitted).

[20]   Restatement (Second) of Torts § 908(2); *see Feld v. Merriam*, 485 A.2d 742, 747-48 (1984); *see also SHV Coal, Inc.*, 587 A.2d at 704.

[21]   *Stimpson v. Myers*, No. 2010-916-CD, 2010 Pa. Dist. & Cnty. LEXIS 606, at *3-4 (Sept. 9, 2010).

[22]   *Carson v. Tucker*, No. 5:20-cv-00399, 2020 U.S. Dist. LEXIS 125243, at *9 (E.D. Pa. July 16, 2020); *see Babenko v. Dillon*, No. 5:19-cv-00199, 2019 U.S. Dist. LEXIS 130015, at *3 (E.D. Pa. Aug. 2, 2019) (holding that defendant's negligent speeding, failure to properly signal, and failure to properly observe roadways did not warrant punitive damages).

### A.    Lawson

Count two of Koch's Complaint seeks punitive damages from Lawson.[23] The Complaint alleges that Lawson committed a long list of traffic violations, including driving while being distracted or fatigued and falling asleep while driving.[24] Lawson moves to dismiss this claim on the grounds that Koch has failed to sufficiently plead facts demonstrating that Lawson's conduct was outrageous, and that Koch instead only makes conclusory allegations without factual detail or support.[25] The Court agrees with Lawson.

In essence, the Complaint includes a very brief list of factual allegations and then a very detailed, separate list of traffic violations Lawson allegedly violated.[26] The factual allegations about Lawson's conduct are as follows:

- Lawson operated a tractor and trailer owned by Burgess Trucking;
- Lawson drove that tractor and trailer through the intersection of East Southern Avenue and Hastings Street on December 3, 2020, at approximately 10:31 AM;
- Lawson ran a red light and collided with Lawson's vehicle.[27]

Then, in the paragraph listing Lawson's alleged traffic violations, Koch includes "operat[ing] his vehicle while being distracted and/or fatigued" and "fell asleep while driving,"[28] even though the fact section of the Complaint pleads no facts that

---

[23]   Doc. 1, Ex. A ¶¶ 5-8.

[24]   *Id.*

[25]   Doc. 6 at pp. 6-9.

[26]   Doc. 1, Ex. A ¶¶ 1-29. For example, paragraph 29 is over a page long and lists over a dozen traffic laws that Lawson allegedly violated.

[27]   *Id.* ¶¶ 7, 11-14.

[28]   *Id.* ¶ 29.

Lawson was asleep at the wheel, or fatigued, when the collision occurred. Put differently, the Complaint alleges that Lawson's tractor and trailer collided with Koch's vehicle, *and* it alleges that Lawson violated traffic laws by sleeping at the wheel and/or driving while fatigued, but it does not allege that Lawson was actually asleep when he ran the red light. There is a clear gap, then, between Koch's factual allegations describing the collision, and Koch's conclusions about Lawson's legal liability, and the Court is ill-equipped to fill this gap with non-existent facts.

The parties have both cited to a number of cases in their respective arguments about the kind of conduct required for punitive damages to be awarded in the automobile accident context.[29] The Court will not address each case cited, but it does find Defendants' citation of *Carson v. Tucker* to be both persuasive and applicable.[30] The accident in *Carson* also involved a tractor and trailer, which collided with the plaintiff's vehicle and forced it off the road, where plaintiff's vehicle and plaintiff were both harmed.[31] That court analyzed cases where punitive damages had been warranted and drivers of tractors and trailers' conduct had arisen to "something more than negligence," including where: a defendant driving a truck loaded with chemicals had driven too closely to cars in front of him; a defendant with a history of violating the fourteen-hour federal driving limitation over 76 times in 11 months caused a collision while being inattentive to traffic conditions; a defendant entered

---

[29]  *See* Docs. 6, 8, 9.
[30]  2020 U.S. Dist. LEXIS at *9.
[31]  *Id*. at *2.

6

an intersection where the light had been red for at least eight seconds while blowing his horn three times; a defendant consciously deciding to continue driving despite poor sleep the night before and extensive awareness of the dangers of operating a truck without the proper rest.[32]

Ultimately, the court in *Carson* found that the plaintiff had not pleaded sufficient facts to show that the tractor and trailer driver's actions were outrageous enough to warrant punitive damages, holding: "[the plaintiff's] claims are conclusory and do not satisfy the requirement needing something more than mere negligence for excess damages."[33] Using the same reasoning set forth in *Carson*, the Court finds that Koch's allegations fail to sufficiently plead facts demonstrating that Lawson's behavior constituted more than mere negligence. For the sake of argument and filling the previously described "gap" in Koch's allegations, if Koch *is* alleging that Lawson fell asleep at the wheel, those allegations still fail to plead that Lawson's falling asleep was more than negligent. For example, Koch does not allege that Lawson had slept poorly the night before, or any facts indicating that he made a conscious decision to drive while fatigued. At most, Koch alleges that Lawson failed to comply with traffic laws, and those allegations alone are insufficient for punitive

---

[32]   *Id*. at *8-10 (collecting cases).
[33]   *Id*. at *10.

damages.[34] Therefore, the Court grants Lawson's Motion to Dismiss Koch's claim for punitive damages.

### B.   Burgess Trucking

Count four of Koch's Complaint seeks punitive damages from Burgess Trucking.[35] The allegations in the Complaint do not connect Burgess Trucking to the collision beyond the fact that Burgess Trucking was Lawson's employer and the owner of the tractor and trailer.[36] Nevertheless, the Complaint alleges that Burgess Trucking engaged in "negligent conduct, careless conduct, and gross, wanton and reckless conduct" that was "outrageous and/or done willfully, wantonly, and/or with reckless indifference to the rights of the public[.]"[37] Generally, the Complaint avers that Burgess Trucking knew or should have known that Lawson lacked the ability to safely operate a motor vehicle, and knew or should have known that the manner in which it conducted its business and compensated its employees would cause those employees to violate the rules of the road and drive while distracted and/or

---

[34]   *See id*. at *9 (internal citation omitted). In his Opposition, Koch cites to a number of cases where courts have awarded punitive damages when the offending driver violated Federal Motor Carrier Safety Regulations or otherwise behaved recklessly.  *See* Doc. 8 at pp. 7-11. Defendants persuasively distinguished many of these cases in their Reply. *See* Doc. 9 at pp. 3-5. Because the basis of the Court's decision is that Koch's claim for punitive damages is largely conclusory and lacks factual detail, the Court need not distinguish each case Koch cites. As Defendants state—and the Court agrees—the cases cited by Koch, where courts denied motions to dismiss or granted summary judgment as to punitive damages claims—involved allegations that were properly pleaded with the requisite level of factual detail. That is not the case here.

[35]   Doc. 1, Ex. A ¶¶ 36-41.

[36]   *Id*. ¶¶ 3-5 (providing background information about Burgess Trucking and its relationship with Lawson—the entity is not mentioned again in the factual allegations).

[37]   *Id*. ¶ 39.

fatigued.[38] The Complaint makes a number of other general allegations about what Burgess Trucking knew or should have known, which the Court need not restate in detail.[39]

Burgess Trucking moves to dismiss this count on the grounds that the Complaint "asserts allegations that lack any factual specificity" that "amount to nothing more than unsupported conclusory allegations" that are "insufficient to support a claim of recklessness or punitive damages."[40] The Court agrees with Burgess Trucking. The Complaint asserts many legal conclusions about what Burgess Trucking "knew or should have known," but those allegations are wholly unsupported by any factual specificity.

For example, the Complaint alleges that Burgess Trucking's compensation structure incentivized its employees to engage in reckless driving, but the allegations fail to plead any facts about what that compensation structure actually entailed.[41] Under the Rule 12(b)(6) standard to which this Court must adhere, Koch's conclusory statements about Burgess Trucking—which are "mere restatements of the elements" of a punitive damages (*e.g.*, conclusions using punitive damages buzzwords such as "outrageous, willful, wanton, reckless indifference")—are not entitled to the assumption of truth and do not plausibly give rise to Koch's

---

[38]  *Id.*
[39]  *Id.*
[40]  Doc. 6 at pp. 11-12.
[41]  *See* Doc. 1, Ex. A ¶ 39.

9

entitlement to relief via punitive damages, which are reserved only for properly pleaded outrageous conduct.[42] Therefore, the Court grants Burgess Trucking's Motion to Dismiss Koch's claim for punitive damages.

## IV.   CONCLUSION

Because Koch's Complaint fails to sufficiently plead that Defendants' conduct rose to the level required for punitive damages, Counts two and four of the Complaint are dismissed without prejudice.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[42]   *See Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).